


**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **ANGELA DENISE NAILS,** | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| **vs.** | } | **CASE NO. CV 07-B-890-S** |
| | } | |
| **KELLY TEMPORARY SERVICES,** | } | |
| | } | |
| **Defendant.** | } | |

## MEMORANDUM OPINION

This case is before the court on defendant Kelly Services, Inc.'s[1] ("Kelly") Motion to Dismiss, or in the Alternative, Motion for More Definite Statement, (doc. 2).[2] Plaintiff Angela Denise Nails ("Nails") filed a Motion for Hearing, (doc. 3), on July 25, 2007, and, per the court's submission order of August 16, 2007, timely filed a Motion, (doc. 5), in opposition to Kelly's motion to dismiss.[3] Kelly timely filed a reply, (doc. 6), so the

---

[1] The plaintiff named "Kelly Temporary Services" as the defendant in her complaint, but the defendant attests that its proper name is "Kelly Services, Inc."

[2] Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

[3] Although Nails's response is entitled "Motion," Kelly replies to it as if it were an opposition to its own motion. (Doc. 6 at ¶ 1.) Moreover, the last statement in Nails's "Motion" does indicate that she intends the document to be an opposition to Kelly's motion: "The plaintiff is objecting to defendant(s) motion to dismiss the complaint the plaintiff is objecting to the case being under dismissal [sic]." (Doc. 5 at 2.)

parties have fully briefed the motion. Nails filed a second Motion for Hearing, (doc. 7), on November 16, 2007.

In its motion, Kelly contends that Nails has filed an insufficient pleading and moves either for dismissal of the case under Rule 12(b)(6) of the Federal Rules of Civil Procedure ("the Federal Rules") for failure to state a claim upon which relief can be granted, or for a more definite statement of the claim under Rule 12(e). (Doc. 2.) As an initial matter, however, the court must assess whether it has subject matter jurisdiction over the case, since if it does not, the action must be remanded to the state court under 28 U.S.C. § 1447(c). *See* 28 U.S.C. § 1447(c).

## I. FACTUAL SUMMARY

Nails, a *pro se* plaintiff and frequent litigant in both the Northern and Middle Districts of Alabama,[4] filed her complaint, consisting of a single paragraph, in the Circuit Court of Jefferson County, Alabama, on March 16, 2007. (Doc. 1 at 8–9.) Kelly timely removed the case on May 11, 2007, asserting that Nails had pleaded a claim under Title VII of the Civil Rights Act of 1964 ("Title VII") and that the case therefore belonged in

---

[4] This case is one of at least sixteen that Nails has filed in the Northern District of Alabama since March 2005 under the names "Angela Denise Nails" and "Denise Nails." Moreover, in a July 2007 opinion in one of Nails's cases in the Middle District of Alabama, the court in that case noted that the action was the twenty-fifth that Nails had filed in the Middle District in the previous sixteen months. *See Nails v. Columbia Baptist Ass'n Dothan*, No. 1:07CV637-WHA, 2007 WL 2080156 at *1 (M.D. Ala., July 17, 2007).

federal court. (Doc. 1 at 2.)[5] Although the complaint refers to no particular statute under which Nails sues, it does allege employment discrimination based on race by Kelly, a temporary employment agency. In addition, Nails attached to her complaint her Notice of Right to Sue from the Equal Employment Opportunity Commission ("EEOC"), mailed on March 2, 2007, which explained that the EEOC was closing Nails's file because "[b]ased on its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes." (Doc. 1 at 11.) The EEOC letter then provided general information about the various federal statutes, including Title VII, under which Nails could sue and advised Nails that she must bring suit based on the notice within ninety days of receipt. (*Id.*)

Specifically, Nails contends in her complaint that Kelly discriminated against her in its hiring and employee referral practices, refusing to rehire her or to send her back to an employer-customer, Tri-State Auto, for which Nails had apparently worked on a temporary basis. (*Id.* at 8.) Nails seeks damages based on lost wages from not being able to work for Kelly. (*Id.*)

[5] Nails did not file a motion to remand the case within thirty days of removal, so she has waived her right to seek remand on any basis except lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447.

## II. LEGAL STANDARDS

### A. Standard for Removal and Remand

The federal courts generally have two bases for subject matter jurisdiction: that based on a federal question, and that based on the parties' diversity.[6] An objection to subject matter jurisdiction may be raised either by a party or by the court, *sua sponte*, at any stage in the litigation. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006). In removal cases, the burden is on the removing party to prove that subject matter jurisdiction exists, *see Friedman v. New York Life Ins. Co.*, 410 F.3d 1350, 1353 (11th Cir.2005), and any uncertainties regarding jurisdiction are resolved in favor of remand, *see Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). Moreover, the basis for federal jurisdiction must be apparent from the complaint. *See id.* ("Because removal is only permissible when plaintiff's claim could have been filed in federal court originally, we must look to plaintiff's claim to determine whether removal was appropriate.") If a court determines that it does not have subject matter jurisdiction, it must remand the case under 28 U.S.C. § 1447(c) rather than dismiss the action, because it has no authority to dismiss it. *See Cunningham v. BHP Petroleum Gr. Brit. PLC*, 427 F.3d 1238, 1245 (10th Cir. 2005); *Smith v. Wis. Dept of Agric., Trade, and Consumer Prot.*, 23 F.3d 1134, 1139 n.10 ("the point of § 1447(c) is that a federal court does not

---

[6] Diversity jurisdiction is not at issue in this case: neither party contends that there is diversity of citizenship, and both parties are citizens of Alabama. Federal question jurisdiction grants district courts "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

have the authority to dismiss a claim over which it never had jurisdiction in the first instance").

**B. Standard for 12(b)(6) Motion to Dismiss**

In considering a defendant's motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules, the court must accept the allegations in the complaint as true and construe them in the light most favorable to the plaintiff. *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003). A motion to dismiss must be denied when "[plaintiffs' claims] may be supported by showing any set of facts consistent with the allegations in the complaint." *See Bell Atl. Corp. v. Twombly*, — U.S. —, 127 S.Ct. 1955, 1969 (2007) (substantively rephrasing and broadening the "no set of facts" dismissal standard that was the Supreme Court's previous precedent in *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)).

Courts must construe *pro se* pleadings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Tannenbaum v. United States*, 148 F.2d 1262, 1263 (11th Cir. 1998); *see also* Fed. R. Civ. Proc. 8(f) ("All pleadings shall be so construed as to do substantial justice."). Indeed, the Eleventh Circuit requires that district courts permit a *pro se* plaintiff to amend his or her complaint before dismissing the action with prejudice, as long as the plaintiff has not indicated a contrary wish, and as long as a more carefully drafted complaint could satisfy the pleading requirements. *See Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991); *cf. Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542, 542 n.1 (11th Cir. 2002). For employment discrimination claims, the Supreme

Court has explicitly overruled lower court decisions requiring plaintiffs to plead a *prima facie* case under the *McDonnell Douglas* framework, instead noting that such claims need only satisfy the ordinary notice pleading rules. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 510–11 (2002).

**C. Standard for 12(e) Motion for More Definite Statement**

Rule 12(e) of the Federal Rules applies "[i]f the pleading to which a responsive pleading is permitted is so vague and ambiguous that a party cannot reasonably be required to frame a responsive pleading . . . ." Fed. R. Civ. Proc. 12(e). In other words, the pleading is deficient if it does not give the defendant sufficient notice of the allegations to which he is responding. *See Swierkiewicz*, 534 U.S. at 514. Because the federal courts employ notice pleading and liberal discovery practices, motions for more definite statement are generally disfavored, *see Nintendo of Am., Inc. v. Ketchum*, 830 F. Supp. 1443 (M.D. Fla. 1993), and they "are not intended to be used merely as a correction to provide more detail," *see Irvin v. Borough of Darby*, 937 F. Supp. 446, 452 (E.D. Pa. 1996).

## III. DISCUSSION

**A. Subject Matter Jurisdiction**

On its face, Nails's two-page complaint mentions no federal statute under which she brings her claim, calling into question the propriety of the court's subject matter

jurisdiction.[7] As Kelly points out, however, Nails attached to her complaint her EEOC Notice of Right to Sue, a letter that specifically notified Nails: "You may file a lawsuit against the respondent(s) ***under federal law*** based on this charge in federal or state court." (Doc. 1 at 11) (emphasis added). Nails did, in fact, submit a complaint in state court within the ninety-day period allowed, and clearly stated in her complaint that she was suing for employment discrimination.

Rule 10(c) of the Federal Rules specifically provides that "[a] copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes." Fed. R. Civ. Proc. 10(c). Nails's EEOC letter, then, which Nails attached as an exhibit to her complaint, thus clearly qualifies as part of her pleading. Because the EEOC letter primarily notified Nails of her rights under federal law, the court can infer that Nails

---

[7] In her opposition "Motion," Nails does attempt to cite laws conferring jurisdiction over her claim, but none of her citations provide a basis for federal subject matter jurisdiction; even if they did, they would have to be pled in her complaint in order to survive removal. First, Nails contends that she follows "Alabama Federal Rule 29 CFR Part 1614 Equal Employment Opportunity." (Doc. 5 at 1.) While Title 29 of the U.S. Code does relate to labor practices, 29 C.F.R. § 1614 involves federal sector equal employment opportunity, not anything related to private businesses such as Kelly. See 29 C.F.R. § 1614. A U.S. Code citation that Nails might have intended, 29 U.S.C. § 1614, does not exist. Next, Nails states that "[t]he temporary agency under the Federal rule can not discrimination [sic] under Federal Rule 29 Or Title 1 or V Employment Discrimination." (Doc. 5 at 2.) Again, assuming that Nails refers to Title 29 of either the Code of Federal Regulations or of the U.S. Code (Rule 29 of the Federal Rules relates to stipulations regarding discovery procedure), there is still no specific jurisdictional basis entitling her to relief in federal court. In addition, if by "Title 1 or V," Nails refers to the Civil Rights Act of 1964, Title I relates to voting rights and Title V to the Commission on Civil Rights, so neither involves the regulation of employment discrimination. *See* Civil Rights Act of 1964, Pub. L. No. 88-352, Title I, Title V, 78 Stat. 241, 249 (1964).

intended to sue under federal law and that her pleading, taken in its entirety, alleges sufficient federal subject matter jurisdiction to support Kelly's removal of the case.

**B. Dismissal Under Rule 12(b)(6)**

The court must construe *pro se* pleadings liberally, but even viewing Nails's complaint as liberally as possible, it is evident that it provides only conclusory allegations of employment discrimination based on race. As a result, Nails's claims cannot, per *Twombly*, be supported by showing any set of facts consistent with those allegations. While Nails's opposition "Motion" provides a potential factual allegation capable of withstanding dismissal, that Kelly allegedly prevented Nails from returning to work for a customer that Nails contends had not objected to her work, (doc. 5 at 2), this allegation did not appear in Nails's complaint and therefore cannot be considered in evaluating whether her complaint states a claim upon which relief can be granted. Due to the lack of any factual allegations in her complaint, the court finds that the case must be dismissed under Rule 12(b)(6).

**C. Motion for More Definite Statement**

Nails's pleading is definitely "so vague and ambiguous that a party cannot reasonably be required to frame a responsive pleading," but because the court dismisses the case for failure to state a claim upon which relief can be granted, it does not need to decide this issue. Kelly's alternative motion for a more definite statement is thus rendered moot.

**D. Motions for Hearings**

The court finds that Nails's motions for hearings are due to be denied because there is sufficient information in the record and the parties' briefs for the court to determine that Nails's complaint is due to be dismissed under Rule 12(b)(6) for failure to state a claim.

## IV. CONCLUSION

For the foregoing reasons, the court is of the opinion that it does have subject matter jurisdiction over Nails's complaint, but that Nails has failed to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules. An Order granting Kelly's Motion to Dismiss, (doc. 2), and dismissing the case without prejudice, will be entered contemporaneously with this Memorandum Opinion.

**DONE** this 21st day of February, 2008.

Sharon Lovelace Blackburn

SHARON LOVELACE BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE